UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| **PNW VEG CO., LLC, a Washington limited liability company doing business as NORPAC OF THE PNW,**<br><br>Plaintiff,<br><br>v.<br><br>**ROTH PREMIUM FOODS, LLC, a Colorado limited liability company, and MITCHELL ROTH, an individual,**<br><br>Defendants. | CASE NO. |

**CIVIL ACTION COMPLAINT**

Roth Premium Foods, LLC purchased perishable agricultural commodities (produce) from PNW Veg Co., LLC d/b/a Norpac of the PNW but failed to fulfill payment obligations for these commodities. As a result, PNW Veg Co., LLC files this complaint to (a) enforce their rights against Defendants under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"), which includes the statutory trust established under PACA, 7 U.S.C. §499e(c) ("PACA Trust"), as well as federal common law and relevant state law, and (b) recover damages arising from Roth Premium Foods, LLC's payment defaults.

**PARTIES**

1. Plaintiff is PNW Veg Co., LLC, a Washington limited liability company doing business as Norpac, Inc. ("Norpac"). It has its principal business located in Pasco, Washington.

2. Defendants are:

    (a) Roth Premium Foods, LLC ("Roth Premium Foods"), a Colorado limited liability company with its principal business located in Colorado Springs, Colorado.

    (b) Mitchell Roth ("Roth"), an individual who, upon information and belief, resides in Castle Rock, Colorado.

## JURISDICTION

3. The Court has federal question jurisdiction because Norpac's claims arise under PACA. 28 U.S.C. §1331; 7 U.S.C. §499e(b)(2), 7 U.S.C. §499e(c)(5).

4. The Court has supplemental jurisdiction to hear Norpac's non-PACA claims against Defendants. 28 U.S.C. §1367(a).

5. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Norpac's members are as follows:

    (a) Oregon Potato Company, a Washington corporation with its principal business location in Boardman, Oregon.

    (b) Janelle McClory, an individual who resides in Kennewick, Washington, and

    (c) Keith Tiegs, an individual who resides in Pasco, Washington.

## VENUE

7. This District is where (a) Roth Premium Foods has its principal business location, (b) the parties entered into the contracts, (c) a substantial part of the events and omissions giving rise to Norpac's claims occurred, and (d) the relevant property is located. 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Between December 8, 2022, and April 5, 2023, Norpac and Roth Premium Foods entered into contracts in which (a) Norpac agreed to sell and deliver sweet potatoes to Roth Premium Foods in interstate commerce, and (b) Roth Premium Foods agreed to pay Norpac the total amount of $85,550.00 ("Transactions").

9. Roth Premium Foods received and accepted the sweet potatoes.

10. Norpac sent invoices to Roth Premium Foods for each transaction, specifying the agreed quantities of sweet potatoes and corresponding amounts due.

11. Norpac's invoices included terms for attorneys' fees, collection costs, and 1.5% monthly interest (18% annually) on overdue balances.

12. Roth Premium Foods did not object to these additional terms.

13. Despite receiving and accepting the sweet potatoes and the corresponding invoices, Roth Premium Foods has failed to pay Norpac.

14. Roth Premium Foods owes Norpac $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

## CLAIMS FOR RELIEF

## COUNT I: ROTH PREMIUM FOODS

## BREACH OF CONTRACT

15. Norpac re-alleges paragraphs 1 through 14.

16. As outlined in paragraph 8, Norpac and Roth Premium Foods entered into the Transactions.

17. Roth Premium Foods failed to pay Norpac for the sweet potatoes.

18. Norpac fully performed all conditions precedent to the contracts.

19. Because Roth Premium Foods breached the parties' contracts, Norpac has incurred damages of $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

For these reasons, Norpac requests judgment in its favor against Roth Premium Foods for $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

## COUNT II: ROTH PREMIUM FOODS

## DECLARATORY RELIEF

20. Norpac re-alleges paragraphs 1 through 14.

21. Under PACA, a "perishable agricultural commodity" is defined as "fresh fruits and produce of every kind and character," including items that are frozen and packed in ice. 7 U.S.C. §499a(b)(4).

22. Norpac sold sweet potatoes to Roth Premium Foods, which are perishable agricultural commodities under PACA. *Id*.

23.    PACA defines a "dealer" as "any person engaged in the business of buying or selling produce in wholesale or jobbing quantities in commerce." 7 U.S.C. § 499a(b)(6); 7 C.F.R. § 46.2(m).

24.    "Wholesale or jobbing quantities" of produce means "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

25.    In each transaction, Norpac sold and shipped more than 2,000 pounds of sweet potatoes to Roth Premium Foods.

26.    "Interstate commerce" means "commerce between any State or Territory, or the District of Columbia and any place outside thereof; or between points within the same State or Territory, or the District of Columbia but through any place outside thereof; or within the District of Columbia." 7 U.S.C. §499a(b)(3).

27.    Norpac sells and ships produce, including sweet potatoes, throughout the United States.

28.    The sweet potatoes Norpac sold to Roth Premium Foods were shipped from locations outside of Colorado for delivery within Colorado.

29.    When Roth Premium Foods accepted the sweet potatoes, it was engaged in business as a "dealer" subject to PACA.

For these reasons, Norpac requests an Order declaring that during the Transactions, Roth Premium Foods was a produce dealer subject to PACA.

## COUNT III: ROTH PREMIUM FOODS

### FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

30. Norpac re-alleges paragraphs 1 through 14 and 21 through 29.

31. During the Transactions, Roth Premium Foods was a dealer subject to PACA.

32. As a produce dealer, Roth Premium Foods must tender full payment promptly to its unpaid produce suppliers and sellers.

33. As detailed in paragraph 8, Norpac and Roth Premium Foods entered into the Transactions.

34. Roth Premium Foods failed to pay for the sweet potatoes within payment terms.

35. Because Roth Premium Foods failed to pay promptly, Norpac has incurred damages totaling $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

For these reasons, Norpac seeks an Order directing Roth Premium Foods to immediately pay Norpac $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

## COUNT IV: DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)

36. Norpac re-alleges paragraphs 1 through 14 and 21 through 29.

37. As stated in paragraph 8, Norpac and Roth Premium Foods entered into the Transactions.

38. During the Transactions, Roth Premium Foods was a dealer subject to PACA.

39. Upon receiving and accepting the sweet potatoes, Roth Premium Foods became a trustee under the PACA Trust, with Norpac eligible to participate as a PACA Trust beneficiary.

40. During the Transactions, Norpac was also a dealer subject to PACA and held a valid PACA license issued by the United States Department of Agriculture.

41. As a PACA licensee, Norpac preserved its rights as a PACA Trust beneficiary by including the required statutory statement on its invoices sent to Roth Premium Foods.

42. Roth Premium Foods failed to pay for the sweet potatoes purchased from Norpac.

43. As an unpaid produce supplier and seller, Norpac is entitled to PACA Trust protection, including payment from Roth Premium Foods' assets that are subject to the PACA Trust.

For these reasons, Norpac seeks an Order declaring that it holds a valid PACA Trust claim for $85,550.00 against Roth Premium Foods, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

## COUNT V: ROTH PREMIUM FOODS

### CREATING A COMMON FUND, ENFORCING PAYMENT FROM PACA TRUST ASSETS, FAILING TO MAINTAIN PACA TRUST, AND ENTERING A PERMANENT INJUNCTION
### 7 U.S.C. §499e(c)

44. Norpac re-alleges paragraphs 1 through 14, 21 through 29, and 37 through 43.

45. Assets subject to the PACA Trust include Roth Premium Foods' produce inventories, food or products derived from produce, accounts receivable, proceeds from the sale of produce or related products, and assets commingled with, purchased with, or otherwise acquired using proceeds from produce sales (collectively, "PACA Trust Assets").

46. Roth Premium Foods accepted the sweet potatoes as described in paragraph 8.

47. Roth Premium Foods possesses, and has custody and control over, PACA Trust Assets belonging to Norpac.

48. As a PACA trustee, Roth Premium Foods must hold the PACA Trust Assets in trust for Norpac and other unpaid produce sellers and suppliers with valid PACA Trust claims until full payment has been made.

49. Roth Premium Foods has failed to maintain sufficient PACA Trust Assets to satisfy all valid PACA Trust claims, including Norpac's claims.

50. Because Roth Premium Foods failed to maintain sufficient PACA Trust Assets, Norpac has incurred damages totaling $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

For these reasons, Norpac requests an Order:

(a) Directing Roth Premium Foods to immediately pay Norpac, as a PACA Trust beneficiary, PACA Trust Assets in the amount of $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs;

(b) Establishing a common fund from which all PACA Trust beneficiaries may receive payment;

(c) Requiring Roth Premium Foods to maintain PACA Trust Assets in an amount not less than $85,550.00, plus the claims of all other unpaid produce sellers and suppliers with valid PACA Trust claims;

(d) Permanently enjoining Roth Premium Foods from dissipating PACA Trust Assets;

(e) Directing Roth Premium Foods to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

(f) Granting any other relief the Court deems appropriate.

<b>COUNT VI: ROTH</b>

<b>BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES</b>

51. Norpac re-alleges paragraphs 1 through 14, 21 through 29, 37 through 43, and 45 through 50.

52. During the Transactions, Roth served as an officer, director, member, or shareholder of Roth Premium Foods, identifying himself as Co-Founder, President, and Chief Executive Officer through publications.

53. In these roles, Roth controlled or was in a position to control Roth Premium Foods' PACA Trust Assets.

54. Roth knew about and had full responsibility for Roth Premium Foods' operations and financial dealings.

55. As a fiduciary, Roth had a duty to ensure that Roth Premium Foods fulfilled its duties as a PACA trustee.

56. Roth Premium Foods breached its duties as PACA trustee by failing to maintain sufficient PACA Trust Assets to pay all PACA Trust claims when they became due.

57. Roth breached his fiduciary duties by failing to ensure Roth Premium Foods' compliance with its duties as PACA trustee.

58. Because Roth breached his fiduciary duties, Norpac incurred damages totaling $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs.

For these reasons, Norpac seeks a judgment in its favor against Roth for $85,550.00, together with 18% annual interest from the date each transaction became due, attorneys' fees, and costs, less any PACA Trust Assets Norpac recovers from Roth Premium Foods.

Respectfully submitted on February 26, 2025.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
    Steven M. De Falco
    5385 Park Central Court, Ste. 2
    Naples, FL  34109
    Telephone: (239) 513-9191
    sdefalco@meuerslawfirm.com

*Counsel for Plaintiff,*
*PNW Veg Co., LLC d/b/a Norpac of the PNW*